**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **KIRSCH RESEARCH AND DEVELOPMENT, LLC,**  Plaintiff, | |
| *v.* | **6:20-cv-00317-ADA** |
| **IKO INDUSTRIES, INC. and IKO INDUSTRIES LTD.,**  Defendants. | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY
PENDING RESOLUTION OF THE RELATED ITC PROCEEDING AND/OR *INTER PARTES*
REVIEW OF THE PATENT-IN-SUIT [ECF No. 22]**

Came on for consideration this date is Defendants' Motion to Stay Pending Resolution of

the Related ITC Proceeding and/or *Inter Partes* Review of the Patent-in-Suit (the "Motion"). ECF

No. 22. Kirsch Research and Development, LLC ("Plaintiff" or "Kirsch") filed its opposition on

September 24, 2020, ECF No. 24, to which IKO Industries, Inc. and IKO Industries Ltd.

("Defendants" or "IKO") filed a reply on October 1, 2020, ECF No. 25. Notices of supplemental

authority were filed on March 2, 2021; May 3, 2021; May 14, 2021; June 16, 2021; July 22, 2021;

and July 30, 2021. ECF Nos. 49, 58, 61, 63, 66, and 67. After careful consideration of the Motion,

the Parties' briefs, and the applicable law, the Court **GRANTS** Defendants' Motion to Stay

Pending Resolution of the Related ITC Proceeding and/or *Inter Partes* Review of the Patent-in-

Suit.

**I. BACKGROUND**

Kirsch filed this action on April 24, 2020, accusing IKO of infringing U.S. Patent No.

6,308,482 ("the '482 patent"). ECF No. 1 ¶ 3. That same day, Kirsch filed fifteen other complaints

for patent infringement in various district courts throughout the country, *see* ECF No. 22 at 2 n.1,

1

asserting the '482 patent and, in some cases, U.S. Patent No. 8,765,251 ("the '251 patent"), *see id.* at 2.[1] Also on April 24, 2020, Kirsch filed an application for an ITC investigation involving only the '251 patent against some subset of the district court defendants; the ITC instituted an investigation on June 1, 2020. *See id.* at 2.

On July 29, 2020, a defendant in one of Kirsch's other suits, Owens Corning Roofing & Asphalt, LLC, petitioned the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") to institute *inter partes* review ("IPR") of the '482 patent. ECF No. 22 at 3. Defendants filed this Motion to Stay on September 17, 2020 in view of the ITC investigation and/or the pre-institution Owens Corning IPR petition. ECF No. 22.

Since Defendants filed this Motion, much has come to pass. On December 7, 2020, Kirsch withdrew its ITC complaint. *See* ECF No. 49 at 2. On February 18, 2021, the PTAB instituted Owens Corning's IPR. ECF No. 49 at 1–2. On April 28, 2021, this Court held a *Markman* hearing on disputed claim terms, *see* ECF No. 56, and later issued a claim construction order, ECF No. 78. On November 10, 2020, GAF Materials, Inc. filed a second IPR petition against the '482 patent that the PTAB instituted on May 25, 2021. And two additional IPR petitions were filed against the '482 patent on June 24, 2021. ECF No. 66 at 3. The PTAB is expected to issue final written decisions ("FWDs") in the Owens Corning and GAF Materials IPRs in February and May 2022, respectively.

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has

---

[1] The '482 patent and '251 patent are both directed to a roofing underlayment consisting of a woven scrim and a weather resistant barrier. *See* ECF No. 22 at 8 n.4.

broad discretion to stay proceedings as an incident to its power to control its own docket."). "In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at \*1 (W.D. Tex. May 30, 2019) (citation omitted). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at \*1 (E.D. Tex. Mar. 11, 2015) (citing, *inter alia, Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-4206, 2014 WL 2738501, at \*2 (N.D. Cal. June 11, 2014). But "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at \*6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs.*, 2015 WL 1069111, at \*2; *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at \*2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at \*1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

Defendants no longer rely on the now-withdrawn ITC investigation as a basis for stay, *see* ECF No. 49 at 2, so the Court only considers whether the two instituted IPRs and the two pre-institution IPRs justify staying this case.

### A.        Undue Prejudice to the Non-moving Party

A stay would unduly prejudice Plaintiff for at least two reasons. First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Plaintiff's case. *Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of 10 months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) (finding that an "unavoidable risk" of loss of evidence is greater where such evidence is in the hands of third-party suppliers").

Second, "[a] patent holder has an interest in the timely enforcement of its patent right," even when the patent holder has only sought monetary relief. *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015) (citations omitted); *see also Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive.").

Yet the weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery. *See, e.g., Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in

collecting [monetary] damages does not constitute undue prejudice."). This factor favors denying a stay.

### B.        Stage of Proceedings

If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031-32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

The early stages of this case are long behind us. The *Markman* hearing occurred April 28, 2021, *see* ECF No. 56, at which all but two disputed terms were finally construed. And fact discovery closes this month. *See* ECF No. 42. Yet Defendants filed this Motion to stay more than sixth months before the Court held the *Markman* hearing in this case.[2] The Court credits that early filing and, accordingly, finds that this factor is neutral.

### C.        Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111 at *4.

---

[2] That said, the Court does not mean to say that it would have reached the same conclusion on this Motion had the Court ruled on it before the PTAB instituted the Owens Corning and GAF Materials IPRs.

It is undoubtedly true that, were the PTAB to invalidate the '482 patent via the Owens Corning IPR, and were the Federal Circuit uphold that decision on any potential appeal, this case would be simplified. And the PTAB, having instituted that IPR, has concluded that there is a reasonable likelihood that the '482 patent's claims will be invalidated. Yet, for this factor to favor a stay, "Defendants must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 U.S. Dist. LEXIS 152302, at \*10 (E.D. Tex. June 7, 2021). Kirsch's amended complaint only specifically identifies claims 1 and 2 as being infringed, ECF No. 26 ¶¶ 47–54. The PTAB's institution decision in the Owens Corning IPR explicitly found there was a reasonable likelihood of invalidating claims 1 and 2 on at least two grounds each. *See* Institution Decision, *Owens Corning Roofing & Asphalt LLC v. Kirsch Rsch. & Dev., LLC*, IPR2020-01389, Paper 11 (P.T.A.B. Feb. 18, 2021). The PTAB's institution decision in the GAF Materials IPR explicitly found there was a reasonable likelihood of invalidating claims 1 and 2 on at least two *additional* grounds each. *See* Institution Decision, *GAF Materials LLC v. Kirsch Rsch. & Dev., LLC*, IPR2021-00192, Paper 14 (P.T.A.B. May 25, 2021). "The PTAB has, in essence, indicated that the asserted claims are likely unpatentable." *Scorpcast*, 2021 U.S. Dist. LEXIS 152302, at \*11. IKO has, therefore, met its burden.

Yet how strongly the instituted IPR favors stay is diminished by the scope of estoppel Defendants are willing to accept. On October 4, 2021, IKO confirmed via email that, as a condition for granting this Motion, IKO would agree to be estopped under the full scope of § 315(e), as if it was the petitioner in the Owens Corning and GAF Materials IPRs. The Court, therefore, finds this factor favors a stay.

## IV. CONCLUSION

The Court finds that, in this case, the simplification-of-issues factor overwhelms the other two factors. Though this case is in an advanced stage, the PTAB will issue a FWD in the Owens Corning IPR before this case makes it to trial. The Court finds that, given the number of grounds that PTAB instituted IPR upon, there is a good chance the PTAB will invalidate the '482 patent, rendering continued litigation of this case wasteful. For the foregoing reasons, the Court will exercise its discretion to institute a stay pending resolution of both the Owens Corning and GAF Materials IPRs. It is therefore **ORDERED** that Defendants' Motion to Stay Pending Resolution of the Related ITC Proceeding and/or *Inter Partes* Review of the Patent-in-Suit is **GRANTED**. The Parties are further ordered to give notice to this Court when the PTAB issues FWDs in the Owens Corning and GAF Materials IPRs and if those FWDs are appealed to the Federal Circuit. SIGNED this 4th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE