IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **KIRSCH RESEARCH AND DEVELOPMENT, LLC,**<br>　　　　　**Plaintiff,**<br><br>　　　　*v.*<br><br>**IKO INDUSTRIES, INC. and IKO INDUSTRIES, LTD.,**<br>　　　　　**Defendants.** | 6:20-cv-00317-ADA |

**ORDER GRANTING DEFENDANTS' RENEWED PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) FOR FAILURE TO STATE A CLAIM [ECF No. 30]**

Came on for consideration this date is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim. ECF No. 30. Kirsch Research and Development, LLC ("Plaintiff" or "Kirsch") filed a response to the Motion on October 29, 2020, ECF No. 35, to which IKO Industries, Inc. and IKO Industries, Ltd. (collectively "Defendants") replied on November 5, 2020, ECF No. 37. The Court held a hearing on the Motion on September 28, 2021. ECF No. 79. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in

1

resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

## II. ANALYSIS

Plaintiff's indirect and willful infringement claims are deficient in their failure to adequately plead Defendant's pre-expiration knowledge of the '482 patent.

In pleading Defendant's knowledge of the '482 patent, the First Amended Complaint, ECF No. 26 ("FAC"), recites four primary sets of allegations:

1. Kirsch and IKO are direct competitors in a relatively small market. FAC ¶¶ 39–40.

2. Kirsch attends several trade shows a year, including trade shows IKO attended. FAC ¶¶ 41, 43.

3. Kirsch products are well-known in the market and marked with the '482 patent number. FAC ¶¶ 38, 40.

4. IKO sought to sell Kirsch's products in Europe in 2008, and therefore should have learned of the '482 patent. FAC ¶ 44.

*See* ECF No. 35 at 2.

As to the first three sets of allegations, the Court refuses to find that a vendor's attendance at a trade show raises a reasonable inference that the vendor has knowledge of every other attending vendors' patents, even if other vendors' products are "well-known" and marked. That is facially implausible. Mere attendance, without more, is simply not enough. Plaintiff's allegation that Defendants learned of the '482 patent because it is "customary practice to visit each other's booths and obtain information about the competing products," FAC ¶ 44, fails for the same reason and also because it is speculative. "[T]he allegations are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The fourth set of allegations, however, present a closer question that ultimately fails in "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The FAC recites "Werner Vanderstappen, a representative of Defendants, contacted Kirsch about

selling SharkSkin underlayment in the European market using Defendants' logo. The SharkSkin products and related literature were marked with the '482 Patent at this time." FAC ¶ 45. This allegation, the truth of which the Court does not gainsay, reveals nothing about the nature of Defendants' inquiry that would permit a reasonable inference of Defendants' knowledge of the '482 patent. *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020) ("Factual allegations need not be detailed but must 'raise a right to relief above the speculative level.'"). More information about Mr. Vanderstappen's contact with Kirsch, including its nature, content, and depth may have allowed the Court to find Plaintiff's allegations of pre-expiration knowledge plausible, especially in the context of the first three sets of allegations. But there is a canyon between Mr. Vanderstappen making an offhand comment about Kirsch's product and him preparing a detailed and well-researched proposal for Kirsch. It is not the Court's role to guess where on the spectrum the alleged contact lays. Without the requisite specificity—which is not a high bar—these allegations are insufficient to create a reasonable inference that Defendants had pre-expiration knowledge of the '482 patent.

      Because the FAC does not plead sufficient facts that would support an allegation of pre-expiration knowledge, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's pre-expiration induced and willful infringement claims. Yet, recognizing that without fact discovery Plaintiff may not be able to sufficiently allege pre-expiration knowledge, the Court, in accordance with its usual practice, permits Plaintiff to amend its FAC after the start of fact discovery to include pre-expiration induced and willful infringement claims. *See, e.g., Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020); *Castlemorton Wireless, LLC, v. Comcast Corp. et al.*, No. 6:20-cv-00034-ADA, Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' renewed partial motion to dismiss Plaintiff's indirect and willful infringement claims. Plaintiff is permitted, however, to amend its FAC and re-plead pre-expiration indirect and willful infringement claims if able to elicit sufficient facts during fact discovery to support such allegations.

SIGNED this 4th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE